# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JAMAAR SMITH,<br><br>            Plaintiff,<br><br>     v.<br><br>INSURER OF CDC, et al.,<br><br>            Defendants. | Case No.  1:20-cv-01196-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 11)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Rodney Jamaar Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  The Court screened Plaintiff's complaint, filed on August 25, 2020, and granted leave to amend.  (ECF No. 1.)  Plaintiff's amended complaint, filed on September 8, 2020, is currently before the Court for screening.

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed in California Correctional Institute in Tehachapi, California, where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants: (1) the Insurer of CDC; (2) C. Gray, Correctional Officer; (3) M. Iniguez,[1] Correctional Officer; and (4) K. Hoyt, LVN, nursing staff.

Plaintiff alleges as follows:

> "LVN Hoyt (sic Hoit) questioned me in the bullpen, but did not treat me (at all), noticing my swollen face.  C.O. Iminez, was in the tower, but did not heed the 'man down!' alert, for over an hour.  Nor did he ever notify medical, of the emergency"

> "Plaintiff states that on November 12, 2019, he suffered an allergic reaction while in cell.  His cellmate, inmate Theodeus Wilson III AX 7313, attempted to alert staff by calling 'man down,' but no staff came to his cell for over an hour and a half: with the aid of tier neighbors – calling this alert, in collective; as long! CO Gray arrived."

---

[1] In the prior complaint, Plaintiff named an officer "M. Iniguez" as a defendant. It is unclear whether the new defendant in the amended complaint, "C.O. Iminez,," is the same or different that the "M. Iniguez."

2

>"Medical staff were never alerted, and did not arrive at inmate Smith's (#AQK4389) cell. When officers did arrive, Inmate Smith was escorted to R&R where nursing is located but was not treated. He was instead denied medical care and placed to sit in (an outlying bullpen), outside of the medical care clinic. Left unattended for over an hour and a half. While being visibly stricken of a medical condition; swollen and tumescent skin. Red and inflamed skin, filled the inmates exterior integument and he complained of chest pains, shortness of breath, pleading for treatment and help! To no avail. He was given a questionaire, yet his vitals were never checked. After an hour and a half, the inmate was released from the bullpen lockup, with two benadrils-after begging to go back to his cell for a half anf hour.
>
>"C.O. Gray determined that I was not an emergency upon arrival. Yet when I returned to the building Iminez commented on my swollen head asking what happened" (ECF No. 11) (unedited text).

As remedies, Plaintiff requests $300,000 in compensatory damages and punitive damages, and pain and suffering.

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment.

**A.    Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint is short, but it is not plain statement of his claims. Plaintiff's complaint fails to adequately allege factual allegations in his complaint as to each defendant. Plaintiff has failed to include factual allegations identifying what happened, when it happened

and who was involved. Fed. R. Civ. P. 8.  Despite being provided with the relevant pleading standard, Plaintiff has been unable to cure this deficiency.

**B.      Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted). Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th

Cir. 2006).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff has failed to state a claim against Defendant Hoyt. Plaintiff alleges that he disagrees with the medical treatment, or lack thereof, that he received. However, he alleges that Defendant Hoyt saw him, and questioned him, he filled out a medical questionnaire, and he was given Benadryl after about one and half hours. He fails to allege that the delay caused him harm. Plaintiff alleges that he should have received "emergency" treatment, but the facts he alleges appear to demonstrate that defendant Hoyt disagreed with Plaintiff's preferred treatment plan and did not deem Plaintiff's situation an emergency.

Plaintiff's allegations fail to link M. Iminez to an intentional decision that put Plaintiff at substantial risk for suffering any harm. There are no allegations that Defendant Iminez heard or saw the call for man down or that he failed to call for staff.  Plaintiff alleges staff did not show up, but there is no allegation that staff failed to show up due to Defendant Iminez's actions.  Plaintiff was previously informed that he had to link Defendants to wrongful conduct identifying what happened, when it happened and who was involved.

Plaintiff fails to allege facts that Defendant Gray subjectively knew of and disregarded an excessive risk to inmate health and safety.  Plaintiff alleges that Defendant Gray did not believe Plaintiff's face was swollen.  Defendant Gray disagreed that a medical emergency was necessary. Plaintiff's first amended complaint deletes the allegation he had in the original complaint that

5

Defendant Gray escorted Plaintiff to medical for treatment despite believing it was not an emergency. Thus, Defendant Gray was not deliberately indifferent to Plaintiff's need for medical care because he was taken to medical. Plaintiff merely disagrees that his case should have been deemed an emergency, but Defendant Gray took Plaintiff for treatment. Plaintiff fails to state a cognizable claim against Defendant Gray.

Plaintiff alleges that his dorm mates called for "man down" and no one responded to the call. However, there are no facts that any named defendant knew of the call for man down for Plaintiff and were deliberately indifferent to Plaintiff's needs. Plaintiff fails to state a cognizable claim for medical deliberate indifference against any defendant.

### C. Section 1983 and Private Parties

Plaintiff names as defendant the "CDC Insurers."

Section 1983 "is not itself a source of substantive rights," it merely provides a method for vindicating federal rights. Albright v. Oliver, 510 U.S. 266, 271 (1994) (citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution; (2) by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48–49 (1988).

A showing that the defendant has acted under the color of state law is a prerequisite for any relief under section 1983. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007) (allegation of state action is "necessary element of a § 1983 claim"). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S at 49. Generally, private parties do not act under color of state law for section 1983 purposes. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Indeed, the law presumes that conduct by private actors is not state action. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011). The ultimate issue in determining whether a person is subject to suit under a federal civil rights action is whether the alleged infringement of federal rights is fairly attributable to the government. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); see also Huffman v. Cty. of L.A., 147 F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under color

of law" to be held liable under § 1983). Simply put, section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citations and internal quotations omitted).

To the extent there is a private insurance company insuring CDCR's medical claims, that private action is not encompassed with Section 1983.  Leave to amend should be denied.

## IV.     Conclusion and Recommendation

For the reasons stated, Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief under section 1983.  Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED the federal claims in this action be dismissed based on Plaintiff's failure state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 15, 2020**           /s/ *Barbara A. McAuliffe*_
                                                                  UNITED STATES MAGISTRATE JUDGE