UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JAMAAR SMITH,<br><br>Plaintiff,<br><br>v.<br><br>INSURER OF CDC, et al.,<br><br>Defendants. | No. 1:20-cv-01196-DAD-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 16.) |

Plaintiff Rodney Jamaar Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This matter is before the court on plaintiff's "Motion to Oppose Judgment of the Court to Dismiss Action after Adopting Findings and Recommendations," which the court will construe as a motion for reconsideration of the court's October 20, 2020 order dismissing this action due to plaintiff's failure to state a cognizable claim for relief. (Doc. No. 16.) For the reasons set forth below, the court will deny plaintiff's motion for reconsideration.

On October 20, 2020, the undersigned adopted the findings and recommendations issued by the assigned magistrate judge (Doc. No. 12) and dismissed this action due to plaintiff's failure to state a cognizable claim for relief. (Doc. No. 14.) Judgment was entered on October 20, 2020.

/////

1

(Doc. No. 15.) On November 2, 2020, plaintiff filed the pending motion for reconsideration. (Doc. No. 16.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, plaintiff's motion does not identify any basis under Rule 60(b) for this court to reconsider its finding that plaintiff failed to state a cognizable claim for relief under applicable

2

law. Instead, plaintiff asserts that he attempted to state a cognizable claim by filing a first amended complaint, but that "the court dismissed this amendment and rejected the amending of petitioner's original claim, as moot, and unnecessary." (Doc. No. 16 at 2.) Plaintiff is mistaken in this regard. The magistrate judge denied plaintiff's motion for leave to amend his complaint as moot because plaintiff had already filed his first amended complaint, as permitted by the court's screening order addressing plaintiff's original complaint. (*See* Doc. Nos. 6, 10.) The magistrate judge then screened plaintiff's first amended complaint, found that plaintiff again had failed to state a cognizable claim for relief, and issued findings and recommendations recommending that this action be dismissed. (Doc. No. 12.) Plaintiff did not file objections to those findings and recommendations. Thereafter, the undersigned issued an order adopting those findings and recommendations and dismissing this action. (Doc. No. 14.) Plaintiff's assertion that the court should reconsider its dismissal order based on consideration of the allegations of his first amended complaint is unavailing because the court has already considered plaintiff's first amended complaint and determined that plaintiff failed to state a cognizable claim therein. Plaintiff simply provides no basis under Rule 60(b) to support reconsideration of the court's order dismissing his action due to his failure to state a cognizable claim.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 16) is denied;
2. This case shall remain closed; and
3. No further filings will be entertained in this closed case

IT IS SO ORDERED.

Dated:  **November 6, 2020**

_____
UNITED STATES DISTRICT JUDGE